### CITY OF CIRCLEVILLE v. JAMES H. THRONE, ADMR.

1. COMPETENCY OF DECLARATIONS OF AN AGENT WHOSE NEGLIGENCE IS CAUSE OF DEATH.

In an action for the death of a person, occasioned by the negligence of an agent of the defendant, the declarations of the agent made at a subsequent time are not competent for the purpose of showing knowledge on the part of the defendant, of the dangerous condition of the work he was doing at the time of the accident.

2. RISK ASSUMED BY EMPLOYEE IN DANGEROUS SERVICE.

A refusal to charge the jury that an employee who enters upon the performance of work, knowing its dangers, assumes the ordinary risks of such service, is error.

ERROR to the Court of Common Pleas of Pickaway county.

The plaintiff, in his petition, alleged that at the time of the accident, hereinafter mentioned, the said city was causing a certain street therein to be opened and constructed; that the said Edwin D. Throne was employed by the city as a common laborer for hire, at the said work; that in order to construct the said street, it was necessary to cut down and remove a certain hill; that the said Throne was assisting in cutting down the hill under the direction of the street commissioner, one Thomas Heiry. The plaintiff further alleged that the work was performed in such an unskillful, careless, and negligent manner, without any

fault on the part of the said Edwin D. Throne, as to cause the said hill or bank to fall upon the said Throne, and kill him.

Upon the trial Mrs. Throne testified as follows: "Mr. Heiry came to my house" (this was about an hour after the accident and at some distance from the place where it occurred), "I said to him, what an awful place to put men to work; he said: 'Yes, it is awful. At first I did not want them to go to work; I wanted Throne to wait till Monday. Then I left the bank and went to see about the ditch; I was afraid of the bank; I had had a man to guard the bank all the time before that day, but that day I had taken him away.'"

This testimony was objected to by the defendant, but the objection was overruled and the testimony admitted, as the court said, for the purpose of showing "that the city had knowledge of the dangerous condition of the bank."

A verdict was rendered against the city. A motion for a new trial was made, which was overruled and a bill of exceptions taken.

Upon the trial, the court was requested, among other things, to charge the jury as follows: "If the said Edwin D. Throne entered the employment of the city to perform the work of excavating the said gravel bank, and if he had knowledge of the kind of work he was to perform, then he assumed the ordinary risks and dangers of the service, and he accepted the service subject to the risks incident thereto."

Page, Abernethy & Folsom, for the city:

1. The testimony of Heiry was not *res gestæ*, and was not competent for any purpose.

2. The charge requested ought to have been given. 2 Wharton's Ev., § 1209; Cortland v. Hockmier, 44 N. Y., 22; Packet Co. v. Clough, 20 Wallace, 540; C., C., C. R. Co. v. Mara, 26 O. S., 185; Wood's Master and Servant, § 422.

Festus Walters, for defendant, cited numerous cases, but the reporter is not in possession of them. As to the testimony of Heiry he referred to Parker v. Steamboat Co., 109 Mass., 449.

CHERRINGTON, J.

We are of the opinion that the testimony of Thomas Heiry was not competent. It is clear that it ought not to have been admitted as part of the *res gestæ*, because it did not occur at the time of the accident, but was merely a narrative of a past transaction.

The testimony was clearly prejudicial to the cause of the city, as it contained an admission on the part of Heiry that the bank was in a dangerous condition; that he knew it; that he was absent at the time of the accident, and that the man who usually guarded the bank, had been sent away by him. It is easy to perceive that this testimony would be damaging to the city, and would seriously influence the verdict of the jury. It is argued that the testimony was competent to show that the city had notice of the condition of the bank. We are of the opinion that knowledge or notice cannot be shown in that way. Notice is a fact to be proved like any other fact, by competent testimony, and not by hearsay or the declarations of a party not under oath. The case, cited from 109 Mass., is not like the present, and does not sustain the doctrine contended for. In that case the negligence charged was, that the defendants did not properly secure and tend the gangway plank by which passengers went on board the boat. Testimony that the attention of the agents or servants of the defendants was called to the insecure condition of the plank was competent to show such negligence.

It is claimed that the declarations of Heiry were competent as impeaching testimony. But the difficulty is that his declarations were not offered for that purpose, or in the proper manner. They were offered and admitted as testimony in chief, and for the purpose of showing notice. They could not be used as impeaching testimony, because the proper way would have been to ask Heiry him-

self, when he came on the stand, and his attention had been called to the time and place, whether he had made such statements. This course was not pursued.

As to the charge requested and refused, it appears to us to be good law, and ought to have been given. The authorities cited by the counsel for the city sustain this position. Cooley on Torts, 551; Gibson v. Erie R. R. Co., 20 Am. Rep., 553; L. S. & M. S. R, R. v. Knittal, 33 O. S., 468.

For these reasons the judgment must be reversed.